United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| MSPA Claims 1, LLC, and others<br>Plaintiffs, | )<br>)<br>) | |
| v. | )<br>) | Civil Action No. 18-23165-Civ-Scola |
| State Farm Mutual Automobile<br>Insurance Company, Defendant. | )<br>)<br>) | |

**Order Granting Motion to Dismiss**

Plaintiffs MSPA Claims 1, LLC, MSP Recovery Claims, Series LLC, and Series 16-05-456 claim that various entities, who assigned their claims to the Plaintiffs, paid for accident-related medical expenses incurred by certain Medicare enrollees. According to the Plaintiffs, Defendant insurer State Farm Mutual Automobile Insurance Company is required to reimburse the Plaintiffs for these expenses but, in violation of the Medicare Secondary Payer Act, has not done so. Through their complaint, the Plaintiffs, as alleged assignees of the entities who paid the medical expenses, seek to recover these payments as well as statutory damages. State Farm, in response to the Plaintiffs' operative complaint—the fourth amended class action complaint (Compl., ECF No. 1-2)—submits the Plaintiffs lack standing to bring these claims. (Def.'s Mot. to Dismiss, ECF No. 6.) The Plaintiffs counter they have adequately alleged and established their standing and urge the Court to deny State Farm's motion to dismiss. (Pls.' Resp., ECF no 9.) After a careful review of the briefing and the record in this case, the Court agrees with State Farm that the Plaintiffs lack standing and **grants** the motion to dismiss, **without prejudice**. (**ECF No. 6**.)

1. **Background**

By now the statutory framework at play in this case is quite familiar to the parties as well as courts in this district. And, it appears there is no dispute as to the portrayal of that framework within the Plaintiffs' complaint and the parties' briefing of State Farm's motion. The Court will thus assume the parties' familiarity with and understanding of the statutory requirements at issue in this case. The Court therefore skips directly to the parties' dispute regarding the Plaintiffs' standing in this case to pursue the underlying statutory claims.

According to the operative complaint in this case, Florida Healthcare Plus ("FHCP") made conditional payments for medical expenses incurred by Medicare beneficiary enrollees who were involved in car accidents in August 2013 and May

2014. (Compl. at ¶¶ 9–13.) State Farm, say the Plaintiffs, was the primary payer under the MSP Act, with a statutory duty to reimburse FHCP for these payments, but failed to do so. (*Id.* at ¶¶ 11, 14–15.) This failure triggered FHCP's right to recover not only the payment amounts but statutory damages as well. (*E.g.*, *id.* at ¶ 5.)

As alleged in the complaint, FHCP, in April 2014, assigned all its "rights and claims for subrogation, recovery and reimbursement" against State Farm to La Ley Recovery Systems, Inc. (*Id.* at ¶ 37.) This assignment was part of an agreement, attached to the complaint, under which FHCP agreed to pay La Ley 50% of any claims La Ley collected. (Compl., Ex. I., La Ley Agreement, Art. III(i)–(ii); ECF No. 1-2, 550.) Under the agreement, FHCP "retains La Ley Recovery as an independent contractor to recover," among other things, "for payment of medical services" incurred by FHCP's enrollees. (*Id.* at Art. I(1.1), ECF No. 1-2, 548.) Specifically, the agreement directs La Ley "to manage and collect" various personal injury protection payments, workman's compensation benefits, and medical payments. (*Id.*) The agreement also provides La Ley will pay for various legal costs up front but, at the same time, affords La Ley the right to deduct these costs out of any recovery prior to disbursing any amount due to FHCP. (*Id.* at Art. II, ECF No. 1-2, 550.)

Another term of the La Ley agreement requires FHCP's approval in the even La Ley seeks to "assign the Agreement in whole or in part." (*Id.* at Art. I(1.2), ECF No. 1-2, 549.) As presented in the complaint, La Ley "assigned the agreement to MSPA [Claims 1]" through a written assignment executed on February 20, 2015.[1] (Compl. at ¶ 38.) Through a similar series of transactions, originating from another entity—Interamerican Medical Center Group, LLC—MSP Recovery assigned other claims to MSPA Claims 1 on the same date. (*Id.* at ¶ 48.) Lastly, no assignments to either MSP Recovery Claims, Series or Series 16-05-456 are alleged until June 12, 2017. (*Id.* at ¶ 46.)

The initial complaint in this case was filed in state court, on December 22, 2014, and named only one plaintiff: MSP Recovery, LLC and included allegations relating only to FHCP. (Def.'s Mot. at 4; Initial Compl., ECF No. 1-1, 1–37.)

---

[1] Whether by design or inadvertence, the Plaintiffs, in their complaint, omit the date on which they allege "La Ley Recovery assigned the agreement to MSPA [Claims 1]." (Compl. at ¶ 38.) Oddly, in its motion, State Farm recites August 29, 2014, as the date of this assignment. (Def.'s Mot. at 8.) In support, State Farm relies on paragraph 38 of the complaint. Nothing in this paragraph, however, establishes or refers to this date. And, in fact, the agreement, attached to the complaint as Exhibit J, shows that the assignment's effective date was actually February 20, 2015. (Compl., Ex. J., Assignment, ECF No. 1-2, 554.) Despite careful and time-consuming searching, the Court was unable to discern the source of State Farm's reference to the August 29, 2014, date and concludes State Farm transcribed it in error. Although the Plaintiffs do not address this error or ever mention this particular date, they do at least acknowledge that the assignment from La Ley to MSPA was not executed until February 20, 2015. (Pl.'s Resp. at 15.)

Eventually, on February 16, 2016, MSPA Claims 1 was substituted as plaintiff for MSP Recovery. (Def.'s Mot. at 4.) Afterwards, through the amended complaint now before the Court, the two other plaintiffs—MSP Recovery Claims, Series LLC and Series 16-05-456—were added. (*Id.* at 5.) Based on the inclusion of a federal claim in this iteration of the complaint, State Farm removed this case, on August 3, 2018, to this Court.

## 2. Legal Standard

Because the question of Article III standing implicates subject matter jurisdiction, it must be addressed as a threshold matter prior to the merits of any underlying claims. *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1250 (11th Cir. 2015). Article III of the Constitution grants federal courts judicial power to decide only actual "Cases" and "Controversies." U.S. Const. Art. III § 2. The doctrine of standing is a "core component" of this fundamental limitation that "determin[es] the power of the court to entertain the suit." *Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1264–65 (11th Cir. 2011) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). The "irreducible constitutional minimum" of standing under Article III consists of three elements: (1) the plaintiff must have suffered an actual or imminent injury, or a concrete "invasion of a legally protected interest"; (2) that injury must have been caused by the defendant's complained-of actions; and (3) the plaintiff's injury or threat of injury must likely be redressable by a favorable court decision. *Lujan*, 504 U.S. at 560–61; *see also Hollywood Mobile Estates Ltd.*, 641 F.3d at 1265 (stating same).

"[A] dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n. 42 (11th Cir. 1991)). Motions to dismiss a complaint for lack of subject matter jurisdiction can consist of either a facial or factual attack on the complaint. *Id.* (citing *McElmurray v. Consol. Gov't of Augusta – Richmond Cnty*, 501 F.3d 1244, 1250 (11th Cir. 2007)). A facial attack requires the court to "merely look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction," whereas a factual attack "challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Id.* at 1233-34 (citing *McElmurray*, 501 F.3d at 1251). "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Id.* at 1232 (citations omitted).

### 3. Analysis

State Farm raises a number of issues with respect to the Plaintiffs' standing: (1) MSPA Claims 1 did not acquire standing, through a valid assignment, until after this suit was filed; (2) because MSPA Claims 1 lacks standing, it cannot amend the complaint to add new plaintiffs; (3) the Plaintiffs have not alleged that any of the purported assignors have standing under the MSP Act; (4) newly added Plaintiff MSP Recovery Claims, Series, LLC fails to allege any assignment that would confer standing; (5) the assignment agreements are merely contingency fee arrangements and do not, therefore, confer standing; (6) any claims based on an assignment from Health First Health Plans, Inc. are barred by collateral estoppel. Because the Court finds determinative MSPA Claims 1's failure to acquire standing prior to the filing of this case, it declines to address State Farm's other arguments.

The Plaintiffs disagree and maintain MSPA Claims 1 timely acquired standing. In opposition, they contend (1) State Farm is collaterally estopped from challenging the Plaintiffs' standing because it litigated this very issue before a court in the Central District of Illinois and lost; (2) State Farm's argument is foreclosed by the law of the case because it already lost an identical standing argument in this same case, before it was removed from state court; (3) State Farm's argument fails because it did not attach any documents to its motion to dismiss that could contradict the "well-pleaded allegations of the Complaint"; (4) the approval clause in the agreement between FHCP and La Ley is unenforceable as to the claims at issue in this case; (5) even if it is enforceable, FHCP manifested approval of La Ley's assignment to MSPA Claims 1; (6) FHCP was powerless to cancel its agreement with La Ley because MSPA Claims 1's rights had already vested; (7) MSPA Claims 1, alternatively, possesses standing based on an assignment from Interamerican; (8) State Farm's standing arguments regarding the Health First entity are irrelevant because the Plaintiffs' standing is premised on assignments from FHCP and Interamerican; and (9) State Farm's motion does not address the merits of the Plaintiffs' case against it. The Plaintiffs fail to persuade.

"Article III standing must be determined as of the time at which the plaintiff's complaint is filed." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1275 (11th Cir. 2003). The parties do not dispute that this case was initiated on December 22, 2014. (*E.g.*, Def.'s Mot. at 4.) Based on the allegations presented in the complaint, and buttressed by certain documents attached to the complaint, none of the three Defendants in this case had standing at that time.

The Plaintiffs, in the body of their complaint, do not specify the date on which the FHCP claims were assigned to MSPA Claims 1. Instead they submit

only that "La Ley Recovery assigned the agreement to MSPA." (Compl. at ¶ 38.) However, the Plaintiffs attach the purported assignment to their complaint as Exhibit J. (*Id.*) By its terms, that assignment "is made effective on this 20th day of February[] 2015." (Assignment at 1; ECF No. 1-2, 554.) The Plaintiffs further acknowledge this effective date in their opposition to State Farm's motion. (Pl.'s Resp. at 15.) Regarding the Interamerican claims, on the other hand, the complaint explicitly recites that MSP Recovery assigned all its Interamerican rights to MSPA Claims 1 on February 20, 2015. (Compl. at ¶ 48.) Thus, to the extent the specified assignments to MSPA Claims 1 were valid, MSPA Claims 1 was not afforded standing, through these assignments, until two months after this case was initiated. *See Mao-Mso Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 117CV01537JBMJEH, 2018 WL 3420796, at *3 (C.D. Ill. July 13, 2018) ("The Court need not consider whether [there] is a valid assignment because even if [there] is, it cannot confer Article[]III standing in this case because the [assignment] was entered into . . . *after* this lawsuit was filed.") (emphasis in original).

By way of the operative complaint—the fourth amended class action complaint—MSPA Claims 1, on July 5, 2018, purported to add Plaintiffs MSP Recovery Claims, Series LLC and Series 16-05-456 to this lawsuit. (Def.'s Mot. at 5.) Even if MSPA Claims 1 could, without standing, properly add these two Plaintiffs—and, indeed it appears it could not—neither of these Plaintiffs had standing at the time this case was filed either. *Compare Summit Office Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278, 1282 (5th Cir. 1981) ("[W]e hold only that where a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend the complaint and control the litigation by substituting new plaintiffs, a new class, and a new cause of action.") *with Delta Coal Program v. Libman*, 743 F.2d 852, 856 (11th Cir. 1984) ("A district court does not exceed its power when it takes jurisdiction over a controversy, even if not brought by the real party in interest, as long as there exists a substantial identity of interest between the original plaintiff and the true party in interest, and as long as the pleadings set forth the facts upon which the real party would base its invocation of the court's jurisdiction in its own right.")[2] According to the operative complaint, it was not until June 12, 2017, that MSP Recovery assigned its rights to "a series of [MSP Recovery Claims], Series 16-05-456." (Compl. at ¶ 46.) Even if such an assignment validly transferred rights to either Plaintiff MSP Recovery Claims, Series LLC or Series 16-05-456, such a transfer could not have conferred standing to these Plaintiffs until years after the case had been

---

[2] The Court further declines to address this issue because the Plaintiffs have not raised it themselves and, in fact, acknowledge in their response that "a plaintiff that lacks standing is powerless to amend a complaint to cure lack of standing." (Pl.'s Resp. at 20.)

initiated. And, as the Plaintiffs "well know[], standing cannot be created after a complaint has been filed; it must exist at the time of the filing of the complaint." *MSPA Claims 1, LLC v. Nat'l Specialty Ins. Co.*, 16-20401-CIV, 2016 WL 4479372, at *2 (S.D. Fla. Aug. 25, 2016) (Cooke, J.)

The Plaintiffs' attempts to get around these timing issues are unavailing. For example, they argue that State Farm is collaterally estopped from contesting standing here because another district court, in the Central District of Illinois, has already decided the issue, "in a virtually identical case," in MSPA Claims 1's favor. (Pl.'s Resp. at 3, 11.) The case before this Court, however, and the case in front of the Central District of Illinois are not "virtually identical" in at least one key respect. In the Illinois district court case, MSPA Claims 1's suit was not filed until February 2017—well over two years after the case here was initiated. *Mao-Mso Recovery II*, 2018 WL 3420796, at *2. Since the timing of the filing of the suit in this case is the determinative factor in the Court's finding, State Farm is not collaterally estopped from raising the same standing issue here.

Similarly, the Plaintiffs maintain that the law-of-the-case doctrine also forecloses State Farm's standing argument. According to the Plaintiffs, State Farm "previously lost an identical standing challenge in state court before it removed this case." (Pl.'s Resp. at 3.) While it is true the state court indeed determined that MSPA Claims 1's allegations were sufficient to withstand State Farm's standing challenge, at that time, that determination was made regarding MSPA Claims 1's *first* amended class action complaint. The Plaintiffs are now on their fourth version of their complaint. There is no indication that the allegations in the first amended class action complaint were the same as the allegations in the operative complaint now before this Court; nor could the state court have possibly had the same record before it. Rather, the standing argument State Farm raises now is based on an entirely new complaint and a much more comprehensively developed record. There is thus every reason for the Court to revisit this issue, based on the version of the complaint and the record that are now before it. *Payne for Hicks v. Churchich*, 161 F.3d 1030, 1038 (7th Cir. 1998) (noting that, "under the law of the case doctrine," district courts "should . . . evaluate[] the state court proceedings" and only "decline[] to revisit any matters that present[] no reason for revisitation").

Additionally, the Plaintiffs' arguments regarding State Farm's failure to attach any documents to its motion and State Farm's failure to address the merits of the Plaintiffs' claims are equally meritless. There is no rule requiring a defendant to attach documentary support to a motion to dismiss for lack of standing, even where the challenge is factual. Regardless, the Court here need only look to the pleadings (including the documents incorporated into the complaint) in this case to conclude the Plaintiffs have not sufficiently alleged

standing. Moreover, the Plaintiffs' protest centered on State Farm's failure to address any of the merits of the Plaintiffs' claims is a complete nonstarter. As the Plaintiffs should be well aware, "[s]tanding is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) (quotation and original alteration omitted). Indeed, once the court determines it is without subject-matter jurisdiction, it is "powerless to continue." *Id.* at 975.

Simply put, the Plaintiffs' fundamental insistence that they "have adequately alleged standing based on the assignments [originating] from FHCP and [Interamerican]" is wrong. (Pl.'s Resp. at 9.) Although the assignments from FHCP to La Ley and from Interamerican to MSP Recovery predate the filing of this lawsuit, the assignments from La Ley and MSP Recovery to MSPA Claims 1 do not. This timing is fatal to the Plaintiffs' standing. The Court thus need not address the parties' more involved arguments regarding the validity of the various assignments and any agreements, or repudiations thereof, that predate those assignments.

### 4. Conclusion

The Court **grants** State Farm's motion to dismiss (**ECF No. 6**.) Because the Court has not addressed the merits of the Plaintiffs' claims, the dismissal is **without prejudice**. The Plaintiffs, however, have not requested leave to amend; nor have they indicated in their response to State Farm's motion to dismiss any inclination whatsoever to do so. The Court thus dismisses the complaint without leave to amend. *Wagner v. Daewoo Heavy Industries Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."); *Avena v. Imperial Salon & Spa, Inc.*, 17-14179, 2018 WL 3239707, at *3 (11th Cir. July 3, 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend.")

The Clerk is directed to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered** at Miami, Florida, on March 5, 2019.

_____
Robert N. Scola, Jr.
United States District Judge